THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, DEFENDANT.

*Tax on corporations — imposed upon dividends of six per cent, and upon the capital stock where the dividends are under six per cent — power of the legislature to do so.*

In a case submitted upon an agreed statement of facts the question to be determined was the rate of per cent of tax to which, under section 3 of chapter 542 of 1880, as amended by chapter 361 of 1881, the defendant was liable.    Section 3 provides that if a corporation, during any year ending November first, makes dividends, amounting to six per cent or more on the par value of its capital, it is to pay one-quarter mill upon the capital stock for each one per cent of dividends so made; and that if no dividend or dividends less than six per cent are paid, then the tax shall be at the rate of one and one-half mills on each dollar of the value of the stock.

During the year ending November 1, 1888, the dividends made by the defendant were, in the aggregate, five and three-fourths per cent on the par value of the capital stock, and the actual value of the stock, as determined under the provisions of the said act, was 110.16 per cent upon which the tax provided by the law was imposed.

The defendant contended that that tax was unjust and not according to the meaning of the legislature, and claimed that it should pay only the same tax which it would have paid had it made dividends amounting to six per cent.

*Held,* that there was no unequal or unjust taxation imposed upon the defendant.

That the amount of dividends was not made the sole evidence of the productiveness of the road; that the actual value of the stock was some evidence on that point, and that if the legislature in some cases determined the rate of taxes by the dividends, and in others by the actual value of the stock, there was no such injustice as required the court to modify by construction the clear language of the statute.

CONTROVERSY submitted, upon an agreed statement of facts, in pursuance of the provisions contained in sections 1279–1281 of the Code of Civil Procedure.

*William A. Poste,* deputy attorney-general, for the plaintiff.

*David Willcox,* for the defendant.

LEARNED, P. J.:

This is a case agreed upon and submitted.    The question to be determined is the proper construction of section 3, chapter 542, Laws of 1880, as amended by chapter 361, Laws of 1881.    And the

point in dispute is the rate of taxation to which, under that law, as so amended, the defendant is liable.

If a corporation during any year ending November first, makes dividends amounting to six per cent or more on the par of its capital, then it is to pay one-quarter mill upon the capital stock for each one per centum of dividends so made. If there were no dividends or if there were dividends less than six per cent, then the tax is at the rate of one and one-half mills on each dollar of the value of the stock. The mode of ascertaining that value is provided for in the first section. It is not necessary to state it, since no dispute arises as to value. By chapter 501, Laws of 1885, the tax is to be only upon the amount of capital stock employed in this state. No dispute arises as to what that amount is in this case. During the year ending November 1, 1888, the dividends of defendant in the aggregate were five and three-quarters per cent on the par value of the capital stock. It was, therefore, not to be taxed under the first of the aforesaid provisions, but was to be taxed under the second. The actual value of the stock, however, as established under the provisions of this act, was 110.16 per cent.

Now, it will be seen that a tax of one and one-half mills on each dollar of the actual value of the stock, when that stock is above par, is greater than a tax of one-quarter mill on the capital stock for each one per centum of dividends, when the dividends are six per cent in the aggregate; that is to say, if the defendant had made during the year, in the aggregate, six per cent dividend it would have paid a certain sum. But as it has made only five and three-quarters per cent, while each share of its stock is worth $110.16, it is required to pay a larger sum. This the defendant says is unjust and not according to the meaning of the legislature, however consonant it may be with the words. The defendant, therefore, claims that it should pay only the same tax which it would have paid had it made dividends amounting to six per cent. The defendant claims then to ignore the second provision, above stated, of the act in all cases where the actual value of the stock shall be found to be above par, or to add to it a provision that if the actual value of the stock shall be found to be above par, then the corporation shall pay such tax as it would have paid if it had made dividends amounting in the aggregate to six per cent during the year.

The very able argument for making this judicial amendment to the distinct and clear language of the statute is based upon the position that it must have been the intent of the legislature that corporations paying less than six per cent dividends for the year should not be taxed at a greater rate than those which paid six per cent and more. Any one who knows how statutes are passed must be aware that the intention of the legislature would be extremely difficult to ascertain ; if, indeed, in the minds of many of the legislators any such thing existed at all. We have really nothing to guide us but the words of the statute, in connection with existing circumstances. The defendant urges the fact that in 1880, when this system of taxation was established, the rate of interest had just been reduced from seven to six per cent, and it claims that corporations paying six per cent stood at par and that those paying less stood below par. Hence it argues that the provision for taxing on the actual value could have been intended to apply only to cases where such actual value was below par. But whatever force this might have had (assuming its truth), all is lost when we observe that this statute of 1880 has been amended in some particulars in 1881, 1882, and in 1885 ; and at the same time the provisions now under consideration have remained unchanged. During that time the actual rate of interest had so decreased that in 1885, a five per cent security would sell for more than par and a six per cent for still more. Yet the legislature made no change in the provisions for determining the tax ; while it was a well known fact that a good six per cent security was worth above par.

The amount of the dividends made by a corporation in any year is not the sole evidence of the productiveness of the business. Sometimes a corporation expends a part of its profits in making new and additional improvements which increase the value of its property, and thus its price in the market. Hence the statute may have been wisely contrived so that if a corporation reduced its dividends below six per cent and used its profits to increase the value of its property, it should still pay a tax on its productiveness, measured, not solely by its dividends, but somewhat by its increased value. Sometimes, too, a corporation may make no dividends in order to increase its surplus funds. This has notably been done by banks, but might be done by corporations subject to the tax under consideration. Doing

this, a corporation would increase the value of its capital stock. For instance, a certain corporation in existence for fourteen years has never made any dividends; and its stock is worth over one thousand per cent. The assumption, then, by the defendant, that the rate of dividend is the sole evidence of the productiveness of a corporation is not tenable.

The question here involved was not in any way under consideration in *People* v. *Home Insurance Company* (92 N. Y., 328). The passage cited by the defendant from the opinion, at page 347, was quite true in regard to the case then before the court. In that case the prosperity was shown by the profits voluntarily distributed. But the court had previously said: "There is no valid reason why the value of the capital stock may not be used as an element for determining the amount of tax;" and, further, that the plan adopted by this law is fair and equitable. In speaking also of the provision for determining the tax by value, and that for determining it by dividends, the court said: "There is no inconsistency in these modes of estimating;" and it was further remarked: "Absolute equality in laying the burdens of taxation, as shown by experience, is impossible of attainment."

The defendant cites *People ex rel. Westchester Fire Insurance Company* v. *Davenport* (91 N. Y., 574), to illustrate and establish the power of courts to limit the operation of statutes when the literal sense would lead to absurdity or injustice. Now, in that case, the language of the act of 1880, in its literal reading, exempted the capital stock and personal property of the corporation from assessment or taxation except as is provided in that act. It was held that this did not exempt such capital and property from taxation for municipal purposes. The court considered that the title and whole spirit of the act referred to taxation for State purposes, and that such must be the application of this exemption. The court was somewhat influenced by the principle that exemptions from taxation were not favored, and must be clearly shown. But neither that decision, nor the rule which was there applied, affords any support to the defendant's claim. Nothing in the title or in the sprit of the act is in conflict with the plain language of the provisions under discussion.

There is no unequal or unjust taxation imposed, when effect is given to the literal meaning of these provisions, as has been already shown. Indeed, the argument of the defendant intended to show the injustice of the claim of the people might be reversed. For instance, the defendant, since the year in question, has paid a seven per cent dividend. Its stock has gone up to 154. Now, it might be urged by the people that it was unjust that a corporation of which the stock was worth 154 should pay a tax on the basis of a seven per cent dividend only. The people might say that, therefore, the clause of the act should be disregarded, which provides that corporations paying six per cent or more dividends, should be taxed at a certain rate calculated on their dividends and that the other clause should be applied, and the defendant should be taxed upon the actual value of its capital; that is, that the defendant should be taxed twenty-three and one-tenth cents on every share of its capital instead of seventeen and five-tenths cents, which would be the tax based on a seven per cent dividend. For the defendant proportionately pays a less rate of tax on the value of its property than does some corporation that pays no dividend, and the stock of which is below par.

We see no reason why the court might not seek to rectify the alleged injustice, on which defendant relies, by disregarding one provision of the section as well as by disregarding another. The defendant urges that all the court need do is to say that the second provision in the section is impliedly limited by a condition that the actual value shall never be considered to exceed par. We might as well say that the first provision is impliedly limited by a condition that if the dividend is less than six per cent on the actual value, the tax shall be computed on actual value. We might as properly assume to amend the law in one way as in another. It must be seen that there are no words in the rest of the statute with which the construction claimed by the people is inconsistent. The defendant's argument is simply that when its property is worth more than par it ought not to be taxed on such value, if it does not make six per cent dividends. We think the argument is not sound. We think that the amount of dividends is not the sole evidence of the productiveness of the road, and that the actual value of the stock is some evidence on that point. And if the legislature, in some cases, determ-

ine the rate of tax by the dividend and in others by the actual value of the stock, we see no such injustice as requires us to modify, by construction the clear language of the statute. We have not thought it necessary to argue that the literal meaning is in favor of the people's claim. That can hardly be disputed. As it has rested with the defendant to show ground for changing that literal meaning by what is called construction, it has seemed to us enough to answer those grounds.

That a court is justified in making sense out of inconsistent language, and even of implying a meaning not apparent in the letter, is undoubted. But, after all, when the language is plain, and not inconsistent with other parts of the statute, and when it violates no principles of natural justice, its literal meaning should stand. And this is especially true of a statute which, in several years, has been under the consideration of the legislature, over which has been much litigation, the requirements of which have been contested by many corporations, and yet which has as to the provisions in question never been modified.

The people should have judgment for the amount claimed, with costs.

LANDON and PUTNAM, JJ., concurred.

Judgment ordered for people on submitted case.